# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IVORY L. AUSTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIV-12-324-D |
| | ) | |
| EDMOND TRANSIT MANAGEMENT INC., MCDONALD TRANSIT ASSOCIATES, INC., CITY OF EDMOND d/b/a CITYLINK, EDWARD ESPARZA, an individual, and JOE SWANDA, an individual, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **O R D E R**

Before the Court are motions to dismiss filed by Defendants Edmond Transit Management, Inc. ("Edmond Transit") and McDonald Transit Associates, Inc. ("McDonald") [Dkt. # 17], and Defendants Edward Esparza ("Esparza") and Joe Swanda ("Swanda") (collectively "Defendants") [Dkt. # 18], pursuant to Fed. R. Civ. P. 12(b)(6). The motions are directed at Plaintiff Ivory L. Austin's ("Austin") Amended Complaint [Dkt. # 6]. Defendants seek dismissal of all counts. The motions are fully briefed and at issue. Because the same facts and law apply to the disposition of each motion, and because in each motion the parties adopt and incorporate the arguments made in support of the other motion, the Court addresses them in a single Order. For the reasons set forth herein, dismissal is GRANTED in part and DENIED in part.

**I.  Background**

McDonald is a private corporation that has contracted with the City of Edmond ("City") to provide public transportation services to the City through its wholly-owned subsidiary, Edmond Transit.  Austin, an African-American male, is an employee of Edmond Transit.  Plaintiff alleges that during the course of his employment with Edmond Transit he was discriminated against on the basis of race and disability by his supervisor, Esparza, and by an Edmond Transit Dispatcher, Swanda.  He has sued Edmond Transit and its parent company, McDonald, as well as Esparza and Swanda in their individual capacities.  Plaintiff brings suit for alleged violations of his federal-statutory and constitutional rights as well as for alleged violations of Oklahoma tort law.

Plaintiff began his employment as a bus driver for Defendants on November 30, 2009. Am. Compl. ¶ 12.  He was hired by then-Transit Director, Alonda Massey ("Massey"), an African-American.  Although Plaintiff had "suffered a stroke several years ago, [which] cause[d] one side of his body to move more slowly than the other", he alleges that he performed his job "without incident" until Esparza, who is Hispanic, replaced Massey as the Transit Director and Swanda, who is Caucasian, was hired as a Dispatcher. *Id.* ¶ 13. Shortly thereafter, Plaintiff alleges that "Swanda began continuously making demeaning comments concerning Plaintiff's medical condition," . . . stating that Plaintiff "walked too slow" and that he "should not be driving a bus because he . . . had a stroke" and "would be a liability to the company" if he had another one. *Id.* ¶ 14.  Plaintiff further alleges that Swanda made racially derogatory remarks, wherein he "repeatedly referred to several Black male

employees as 'Leroy' and / or 'boy' and referred to female Black employees as 'colored gals' and / or 'black girls.'" *Id*. ¶ 15.

Plaintiff alleges that he complained about Swanda's behavior to his immediate supervisor, Christopher Mitchem ("Mitchem"), in or around November 2010, and that Mitchem informed Plaintiff that he would address the matter with Transit Director Esparza. *Id*. ¶16. Thereafter, Plaintiff claims that Esparza "subjected [him] to more stringent and less favorable work standards" than similarly-situated Caucasian and non-disabled coworkers. *Id*. ¶ 17. Specifically, Plaintiff alleges that he was required to undergo a drug test and was temporarily suspended from work while awaiting the test results after he was involved in an automobile accident in a company vehicle. *Id*. ¶ 18. Conversely, when Swanda was involved in a vehicular accident, Plaintiff alleges that Esparza did not require him to undergo a drug test at all. *Id*. Additionally, after complaining to an EEOC investigator about Swanda's conduct, Plaintiff alleges that Esparza instructed Mitchem to repeatedly ride along in Plaintiff's bus so that he could overly scrutinize and unfairly evaluate his job performance. *Id*. ¶ 19.

Plaintiff filed Charges of Discrimination with the EEOC on December 6, 2011, and again on March 6, 2012. After receiving his Right to Sue letter, Plaintiff timely filed this lawsuit on March 23, 2012. The Amended Complaint [Dkt. # 6] sets forth five causes of action:[1] Count I is against Defendants Edmond Transit and McDonald and alleges racial

---

[1] The City of Edmond was originally named in all five Counts, but has since been dismissed from this lawsuit. *See* Pl.'s Notice of Partial Dismissal without Prejudice [Dkt. # 20].

discrimination, the creation of a racially hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); Count II is against Defendants Edmond Transit and McDonald as well as Esparza and Swanda in their individual capacities and alleges the same claim as Count I, but is brought pursuant to 42 U.S.C. § 1981; Count III is against Defendants Edmond Transit and McDonald and alleges disability discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA") and the ADA Amendments Act of 2008 ("ADAA"); Count IV is against Defendants Edmond Transit and McDonald, as well as Esparza in his individual capacity, and alleges a violation of Plaintiff's Fourteenth Amendment rights, actionable under 42 U.S.C. § 1983;[2] and Count V is against Defendants Edmond Transit and McDonald and alleges a tort claim for Negligent Training, Supervision, and Retention under Oklahoma law. On July 5, 2012, Defendants filed two motions to dismiss, collectively seeking dismissal of all counts.

**II.  Standard of Review**

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994) (internal citation omitted). The sufficiency of a complaint is a question of law. *Smith v.*

---

[2] Plaintiff has subsequently dismissed his § 1983 claim (Count IV) pursuant to Fed. R. Civ. P. 41(a)(1)(i). That claim is dismissed without prejudice as to all Defendants and, as such, is not further discussed in this Order.

*United States*, 561 F.3d 1090, 1097 (10th Cir. 2009). When considering a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Id.*; *see Hous. Auth. of Kaw Tribe v. City of Ponca City*, 952 F.2d 1183, 1187 (10th Cir. 1991). A complaint challenged by a Rule 12(b)(6) motion to dismiss does not need to set forth detailed factual allegations, but a plaintiff's burden to set forth the grounds of his or her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a plaintiff's complaint must set forth more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements").

To survive a motion to dismiss, a plaintiff's complaint must contain sufficient facts that, if assumed to be true, state a claim to relief that is plausible on its face. *See Twombly*, 550 U.S. at 570; *Mink v. Knox*, 613 F.3d 995, 1000 (10th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**III. Analysis**

    **A. Plaintiff's Title VII and § 1981 claims.**

In Counts I and II of the Amended Complaint, Plaintiff alleges that he was the victim of "race discrimination, harassment, and retaliation" in violation of both Title VII and 42

U.S.C. § 1981. Am. Compl. ¶ 8. Because Plaintiff pleads the same facts in support of each claim, the Court addresses those claims together. *Carney v. City and Cnty of Denver*, 534 F.3d 1269, 1273 (10th Cir. 2008) ("In racial discrimination suits, the elements of a plaintiff's case are the same whether that case is brought under § 1981 or . . . Title VII.").

    1. Race Discrimination

To state a claim for race discrimination under Title VII and § 1981, a plaintiff must plead facts to show not only (1) that he is a member of a protected class, but (2) that he suffered an adverse employment action, and (3) that similarly situated employees were treated more favorably. *Carney*, 534 F.3d at 1273; *Orr v. City of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005). Unlike Title VII, moreover, § 1981 additionally requires that the defendant "*intentionally* discriminated against [the plaintiff] on the basis of race." *Juarez v. ACS Gov't Solutions Group, Inc.*, 314 F.3d 1243, 1245 (10th Cir. 2003) (emphasis added).

Defendants assert that Plaintiff has failed to state a claim for race discrimination because he has not alleged that he suffered an adverse employment action. Defs.' Mem. in Supp. of its Mot. for Summ. J. ("Defs.' Mem.") at 5. The Court disagrees. In his Amended Complaint, Plaintiff alleges that he was forced to undergo a drug test and was suspended from work for four days while the test results were processed. *See* Am. Compl. ¶ 18. The drug test, Plaintiff alleges, was administered in a discriminatory manner on account of his race. *Id.* On a motion to dismiss, the Court must take the well-pleaded factual allegations of the Complaint as true, and in so doing, finds that Plaintiff has stated a claim for race discrimination under Title VII and § 1981. Plaintiff has pled that he was suspended from

work for a period of time to undergo a test that similarly-situated co-workers outside of his protected class were not required to take. *Id*. ¶ 18.  This factual allegation, if true, is sufficient to state a claim for race discrimination that is plausible on its face.  Accordingly, Plaintiff's Title VII race discrimination claim in Count I will proceed against Defendants Edmond Transit and McDonald, and Plaintiff's § 1981 race discrimination claim in Count II will proceed against all Defendants.

### 2. Hostile Work Environment

To state a claim based on a racially hostile work environment under Title VII and § 1981, a plaintiff must allege facts to show the harassment "was pervasive or severe enough to alter the terms, conditions, or privileges of employment" and that it "was racial or stemmed from racial animus." *Chavez v. New Mexico*, 397 F.3d 826, 831-32 (10th Cir. 2005).  "A plaintiff cannot meet this burden by demonstrating a few isolated incidents of racial enmity or sporadic racial slurs." *Id*. at 832.  "Instead, there must be a steady barrage of opprobrious racial comments." *Id*.

Defendants assert that Plaintiff's hostile work environment claim fails because the Amended Complaint sets forth only isolated instances of discrimination that do not rise to the level of a hostile work environment.  Defs.' Mem. at 7.  The Court agrees.  Plaintiff has pled only that his non-supervisory coworker, Swanda, "repeatedly referred to several Black male employees as 'Leroy' and/or 'boy' and referred to female Black employees as 'colored gals' and/or 'black girls.'" Am. Compl. ¶ 15.  These comments are insufficient to constitute the "steady barrage" required to state a hostile work environment claim.  *See Chavez*, 397

F.3d at 832. Because Plaintiff alleges no other facts to support his contention that he was subjected to a racially hostile work environment, the Court finds that Defendants are entitled to dismissal. Therefore, Plaintiff's Title VII hostile work environment claim in Count I is dismissed against Defendants Edmond Transit and McDonald, and Plaintiff's § 1981 hostile work environment claim in Count II is dismissed against all Defendants; however, the Court also grants Plaintiff leave to amend his complaint so as to cure the deficiencies identified herein. *See, e.g., Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997).

       3. <u>Retaliation</u>

To state a claim for retaliation under Title VII and § 1981, a plaintiff must show (1) that he was engaged in protected opposition to discrimination, (2) that a reasonable employee would have found the challenged action materially adverse, and (3) that a causal connection existed between the protected activity and the materially adverse action. *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). "In the retaliation context, the definition of 'adverse action' is broader than in the disparate treatment context; any act by the employer that would have dissuaded a reasonable employee from making or supporting a charge of discrimination can constitute an adverse action for retaliation purposes." *Kenfield v. Colo. Dep't of Public Health & Envmt.*, 837 F. Supp. 2d 1232, 1248 (D. Colo. 2011) (*citing Burlington Northern & Sante Fe RR Co. v. White*, 548 U.S. 53, 67-68 (2006).

Defendants concede that Plaintiff has alleged sufficient facts to show that he engaged in protected activity. Defs.' Mem. at 6. In seeking dismissal, they contend only that Plaintiff has failed to plead that he suffered any materially adverse action as a consequence of

engaging in such activity. *Id.* However, Plaintiff has pled that he was suspended from work for a period of four days in December of 2010, and that his suspension occurred approximately one month after he reported allegations of discrimination to his supervisor. Am. Compl. ¶¶ 16-18. He has also pled that he was suspended for the same conduct that a similarly-situated coworker outside of his protected class engaged in without employment consequences. *Id.* ¶ 18. Taking these allegations as true, and considering "that protected conduct closely followed by adverse action may justify an inference of retaliatory motive," *Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 329 (10th Cir. 1996), the Court finds that Plaintiff has stated a claim for relief for retaliation that is plausible on its face. Therefore, Plaintiff's Title VII race retaliation claim in Count I will proceed against Defendants Edmond Transit and McDonald, and Plaintiff's § 1981 race retaliation claim in Count II will proceed against all Defendants.

## B. Plaintiff's ADA claims

In Count III, Plaintiff alleges that he suffered unlawful discrimination and retaliation in violation of the ADA and ADAA (collectively, "ADA"). The ADA prohibits employment discrimination against qualified disabled employees. 42 U.S.C. § 12112(a) *et seq*. It also prohibits employers from retaliating against employees for engaging in certain protected activities, such as reporting alleged violations of the statute to one's employer or to the EEOC. 42 U.S.C. § 12203(a).

1. ADA Discrimination

To state a discrimination claim under the ADA, a plaintiff must plead facts that show (1) he was a disabled person within the meaning of the statute; (2) he was qualified, with or without reasonable accommodation, to perform the essential functions of his job; and (3) he suffered an adverse employment action because of his disability. *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1142 (10th Cir. 2011).

Here, Defendants challenge the sufficiency of Plaintiff's ADA discrimination claim in the same manner as they unsuccessfully challenged the sufficiency of his Title VII and § 1981 claims. Defendants assert only that Plaintiff did not suffer an adverse employment action because of his disability. Defs.' Mem. at 13. For the same reasons as discussed in Part III(A)(1) of this Order, however, the Court finds that Plaintiff has pled sufficient factual allegations to show that he suffered an adverse employment action when he was suspended from work for four days. Additionally, Plaintiff alleged that he was suspended for the same conduct that a similarly-situated non-disabled coworker engaged in without employment consequences. Am. Compl. ¶ 18. The Court finds these factual allegations, when viewed in the light most favorable to the plaintiff, sufficient to state a claim for disability discrimination under the ADA that is plausible on its face. Accordingly, the motion is denied as to Plaintiff's ADA discrimination claim in Count III, and that claim will proceed against Defendants Edmond Transit and McDonald.

2. <u>ADA Retaliation</u>[3]

To state a claim for retaliation under the ADA, a plaintiff must plead "that he engaged in an act protected by the ADA, that [the] defendant retaliated and caused plaintiff harm, and that a causal connection exists between plaintiff's protected act and defendant's retaliation." *White v. Kansas Dep't of Corrections*, 2010 WL 3861848, at *5 (D. Kan., Sept. 22, 2010).

Defendants again assert that dismissal is warranted because Plaintiff has not alleged that he suffered any adverse action because of his disability. Defs.' Mem. at 12. However, Plaintiff has alleged that he is disabled within the meaning of the ADA, that he was qualified to perform his job with or without a reasonable accommodation, and that his four day suspension constituted an adverse employment action because of his disability. Am. Compl. ¶¶ 13, 16-18. He has additionally alleged that the suspension occurred approximately one month after he reported allegations of discrimination to his supervisor and that a similarly-situated non-disabled coworker had engaged in the same conduct but without employment consequences. Am. Compl. ¶¶ 16-18. Taking the well-pleaded factual allegations as true, and considering the close temporal proximity between the protected conduct and the alleged adverse action, *Marx*, 76 F.3d at 329, the Court finds that Plaintiff has stated a claim for relief for ADA retaliation that is plausible on its face. Therefore, the motion is denied as to

---

[3] As a preliminary matter, Defendants assert that Plaintiff has not alleged an ADA retaliation claim at all because Plaintiff does not use the word "retaliation" in Count III of the Amended Complaint. Defs.' Mem. at 12. However, a complaint need only state facts sufficient to constitute a cause of action, and a plaintiff is not required to name the specific theory upon which he seeks relief. *See, e.g., TIG Ins. Co. v. Aon Re, Inc.*, 521 F.3d 351, 357 (5thCir. 2008); *see also* Fed. R. Civ. P. 8. The Court finds that Plaintiff has pled sufficient facts to provide Defendants with fair notice of his retaliation claim, including the fact that Plaintiff refers to such a claim for retaliation elsewhere in his Amended Complaint. *See* Am. Compl ¶ 8.

Plaintiff's ADA retaliation claim in Count III, and that claim will proceed against Defendants Edmond Transit and McDonald.

### C. Plaintiff's Negligent Training, Supervision, and / or Retaliation Claim

In Count V of the Amended Complaint, Plaintiff alleges that Defendants Edmond Transit and McDonald failed to "properly supervise and train their employees to refrain from engaging in harassment, discrimination, and retaliation" and that these actions constitute the tort of Negligent Training, Supervision and Retention ("Negligent TS/R"). Am. Compl. ¶¶ 42-43. Plaintiff asserts that "at the critical time of the tortious incidents . . . , Defendants knew or should have known their employees . . . would create an undue risk of harm." *Id.* ¶ 45. Plaintiff cites by way of an example that another of Defendants' employees, Christopher Mitchem, previously complained about Swanda and Esparza, but that Defendants "took no remedial action." *Id.* ¶ 48. Mitchem subsequently filed suit in this Court on November 11, 2010, alleging violations of federal and state law based on similar allegations of unlawful conduct by Swanda and Esparza. *See Mitchem v. Edmond Transit Management, Inc.*, No. 10-1203 (W.D. Okla. filed Nov. 11, 2010).

An employer may be held liable in Oklahoma for negligent hiring, supervision, or retention of an employee. *See Excue v. N. Okla. Coll.*, 450 F.3d 1146, 1156 (10th Cir. 2006) (applying Oklahoma law); *N.H. v. Presbyterian Church (U.S.A.)*, 998 P.2d 592, 600 (Okla. 1999). Liability attaches, "if – at the critical time of the tortious incident – the employer had reason to believe that the person would create an undue risk of harm to others. Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm

for which damages are sought." *Presbyterian Church (U.S.A.)*, 998 P.2d at 600. Moreover, in cases of direct liability of a corporate employer for negligent retention, knowledge may be imputed to the employer from information obtained by its supervisory employees. *See Magnum Foods, Inc. v. Continental Cas. Co.*, 36 F.3d 1491, 1500-01 (10th Cir. 1994) (applying Oklahoma law).

Defendants seek dismissal of Count V for two reasons. First, Defendants assert that Oklahoma law does not permit a plaintiff to pursue a Negligent TS/R claim when vicarious liability is established. Defs.' Mem. at 14. Although this is a correct statement of Oklahoma law, *see, e.g., Jordan v. Cates*, 935 P.2d 289 (Okla. 1997), the Court notes that Defendants have, thus far, failed to stipulate that Esparza and Swanda were acting within the scope of their employment when they allegedly engaged in discriminatory conduct. Unless and until Defendants so stipulate, vicarious liability is not established in this case, and Plaintiff may proceed on his Negligent TS/R claim.

Second, Defendants Edmond Transit and McDonald assert that Plaintiff has failed to allege any facts that demonstrate their prior knowledge of Swanda's or Esparza's alleged propensity to engage in discriminatory or retaliatory behavior. Defs.' Mem. at 15. The Court disagrees. Plaintiff clearly alleges that another of these Defendants' employees complained about and subsequently filed suit over the same or similar discriminatory conduct at issue here. Defendants were certainly on notice of Swanda's and Esparza's alleged propensity to engage in discriminatory or retaliatory behavior by the time Mr. Mitchem filed his lawsuit on November 11, 2010. Plaintiff's Amended Complaint sets forth allegations of

discriminatory and retaliatory behavior beginning "in or around Fall/Winter 2010" and continuing thereafter. Am. Compl. ¶ 19. Notably, Plaintiff's four day suspension from work occurred over a month after Mr. Mitchem filed suit. *Id*. ¶ 18. Taking these well-pleaded factual allegations as true, the Court finds that Plaintiff has stated sufficient facts to show that Defendants had prior knowledge of Swanda's and Esparza's alleged propensity to discriminate so as to state a claim for Negligent TS/R that is plausible on its face. Accordingly, Defendants Edmond Transit's and McDonald's motion is denied as to Plaintiff's Negligent TS/R claim in Count V.

## IV. Conclusion

For the foregoing reasons, Defendants' motions are granted in part and denied in part. Accordingly, Count I and II of the Amended Complaint shall proceed as to Plaintiff's Title VII and § 1981 racial discrimination and retaliation claims, but Plaintiff's Title VII and § 1981 hostile work environment claims are dismissed with leave to amend. Additionally, the motion is denied as to Count III and Count V, and those claims shall also proceed.

IT IS THEREFORE ORDERED that Defendants Edmond Transit's and McDonald's Motion to Dismiss [Dkt. # 17] is GRANTED as to Plaintiff's Title VII hostile work environment claim, but is DENIED as to all other claims.

IT IS FURTHER ORDERED that Defendants Esparza's and Swanda's Motion to Dismiss [Dkt. # 18] is GRANTED as to Plaintiff's § 1981 hostile work environment claim, but is DENIED as to all other claims.

IT IS FURTHER ORDERED that Plaintiff is granted fourteen (14) days leave to amend his complaint as to his Title VII and § 1981 hostile work environment claims so as to cure the deficiencies outlined herein.

IT IS SO ORDERED this 2nd day of December, 2012.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE